**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEVIN JEROME MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-1439-SRW |
| ) | |
| ST. LOUIS CITY JUSTICE CENTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Kevin Jerome Moore, an inmate at the St. Louis City Justice Center, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint, and will deny without prejudice plaintiff's motion to appoint counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not provided the Court with a certified copy of his inmate account statement. Instead, he has advised that his institution will not provide him with one. The Court will therefore assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff initiated this action on December 8, 2021, by filing a complaint pursuant to 42 U.S.C. § 1983 against the St. Louis City Justice Center. He identifies himself as both a pretrial detainee, and a convicted and sentenced federal prisoner.[1] He writes: "The St. Louis City Jail Justice Center is a place with poor living conditions for men and women." (ECF No. 1 at 4). In support, he alleges as follows.

There are fruit flies and gnats in the facility, but "staff" does nothing about it. *Id.* Plaintiff has "special needs" and is in "ad-seg" because the Superintendent wants him to "tell on" a person who previously worked at the facility. Inmates in administrative segregation are unable

---

[1] Review of publicly-available records on Missouri Case.net shows that plaintiff is currently facing multiple counts of robbery and armed criminal action in the matter *State v. Moore,* No. 1922-CR02796-01 (22nd Jud. Cir. 2019) and a count of third-degree assault in the matter *State v. Moore,* No. 2122-CR00576-01 (22nd Jud. Cir. 2021). Review of publicly-available records in this United States District Court shows that on July 7, 2021, plaintiff pleaded guilty to interference with commerce by threats or violence and brandishing a firearm, and was sentenced to serve an aggregate prison term of 141 months. *See U.S. v. Moore,* No. 4:19-cr-895-SNLJ (E.D. Mo. Jul. 7, 2021).

3

to get out. The facility is a hostile place in general, and lacks programs to help inmates better themselves. Inmates cannot attend religious services, there is no "effective Law Library," and "staff do not follow the rules [or] the policy set in the St. Louis City Jail Justice Center unless it is to ben[e]fit staff." *Id.* Inmates like plaintiff are treated unfairly. Plaintiff has spent seven months in a cell without running water. He seeks relief in an amount totaling $15,000.

Plaintiff has previously filed other civil actions in this Court seeking redress for allegedly unconstitutional conditions of confinement. In *Moore v. Turner*, No. 4:20-CV-1032-SRC (E.D. Mo. Aug. 6, 2020), plaintiff filed a complaint to allege inadequate medical care after falling from his bunk. He was given the opportunity to file an amended complaint but failed to do so, and the action was dismissed. In *Moore v. St. Louis City Jail Justice Center,* No. 4:21-CV-1280-HEA (E.D. Mo. Oct. 25, 2021), plaintiff complained he was denied medical care, and sought relief from the St. Louis City Justice Center. On January 25, 2022, the Court determined that the complaint failed to state a claim upon which relief may be granted, and dismissed the action.[2]

## Discussion

This action is subject to dismissal. First, the St. Louis City Justice Center is not an independent legal entity that is subject to suit under 42 U.S.C. § 1983. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Additionally, it appears plaintiff filed this action, at least in part, to bring claims on behalf of other inmates. However, plaintiff lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975). Further, while federal law authorizes plaintiff to plead and conduct his own case personally, 28 U.S.C. § 1654,

---

[2] This Court takes judicial notice of the foregoing prior litigation, the records of which are public records filed in this United States District Court and which relate to the case at bar. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (citations omitted) (district court could "take judicial notice, whether requested or not . . . of its own records and files, and facts which are part of its public records . . . Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it."); *see also Cravens v. Smith*, 610 F.3d 1019, 1029 (8th Cir. 2010) (quoting *In re Papatones*, 143 F.3d 623, 624 n. 3 (1st Cir. 1998) ("The court may take judicial notice of its own orders and of records in a case before the court . . .").

4

he is not a licensed attorney and therefore may not represent other individuals in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). Finally, while it appears plaintiff intends to bring claims on his own behalf, he fails to allege sufficient facts to state a plausible claim under the Fourteenth Amendment. In consideration of plaintiff's self-represented status, the Court will give him the opportunity to file an amended complaint to clearly set forth his claims and allegations in support.

Plaintiff is warned that the amended complaint will replace the original complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the amended complaint, plaintiff must clearly identify the defendant he wishes to sue. If plaintiff names an individual as a defendant, he must state whether he sues him or her in an individual capacity, official capacity, or both. Plaintiff must also allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff is advised he must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, plaintiff must file a single comprehensive pleading which sets forth his claims for relief.

5

*See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Plaintiff has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, the Court is not convinced that plaintiff has stated a non-frivolous claim. Additionally, there is no indication that plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

 Dated this 9th day of February, 2022.

/s/ *Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE