# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

KEVIN JEROME MOORE,              )
                                )
              Plaintiff,         )
                                )
        v.                       )          No. 4:21-CV-1439-SRW
                                )
ST. LOUIS CITY JUSTICE CENTER,  )
                                )
              Defendant.         )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by plaintiff Kevin Jerome Moore, an inmate at the St. Louis City Justice Center (also "Justice Center") who is proceeding herein *pro se* and *in forma pauperis*.[1] For the reasons discussed below, the Court will dismiss this action at this time, without prejudice.

### Background

The background of this case is fully set forth in the Court's February 9, 2022 Memorandum and Order, but the Court recites the essential facts here. Plaintiff initiated this action on December 8, 2021 by filing a complaint pursuant to 42 U.S.C. § 1983 against the Justice Center, along with a motion for leave to proceed *in forma pauperis*. He asserted a myriad of claims related to the conditions of his confinement. For example, he claimed that living conditions at the Justice Center were generally poor, there was no adequate law library or programs to help inmates, he was

---

[1] Review of publicly-available records on Missouri Case.net shows that plaintiff is currently being held at the Justice Center pending trial on multiple counts of robbery and armed criminal action in the matter *State v. Moore*, No. 1922-CR02796-01 (22nd Jud. Cir. 2019), and a count of third-degree assault in the matter *State v. Moore*, No. 2122-CR00576-01 (22nd Jud. Cir. 2021). Review of publicly-available records in this United States District Court shows that on July 7, 2021, plaintiff pleaded guilty to interference with commerce by threats or violence and brandishing a firearm, and was sentenced to serve an aggregate prison term of 141 months. *See U.S. v. Moore*, No. 4:19-cr-895-SNLJ (E.D. Mo. Jul. 7, 2021). For purposes of analyzing plaintiff's claims against the Justice Center in this action, the Court presumes he is a pretrial detainee.

mentally ill and treated unfairly, he was being wrongfully held in administrative segregation where there was no running water, and other generalized allegations. He sought monetary relief.[2]

The Court granted plaintiff's motion for leave to proceed *in forma pauperis*, and reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2). In its February 9, 2022 Memorandum and Order, the Court determined the action was subject to dismissal because the sole named defendant, the Justice Center, was not a suable entity, because it appeared plaintiff impermissibly attempted to assert at least some claims on behalf of other inmates, and because he failed to allege sufficient facts to state any plausible claim for relief on his own behalf. The Court did not dismiss the action at that time, and instead gave plaintiff the opportunity to file an amended complaint. In so doing, the Court explained why the case was subject to dismissal, and gave plaintiff clear instructions about how to prepare the amended complaint. The Court instructed plaintiff, *inter alia*, that it was important to clearly identify the defendant or defendants he wished to sue, and to allege facts explaining how each defendant was personally involved in or directly responsible for causing harm. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490

---

[2] Plaintiff previously filed other civil actions in this Court seeking redress for allegedly unconstitutional conditions of confinement at the Justice Center. In *Moore v. Turner*, No. 4:20-CV-1032-SRC (E.D. Mo. Aug. 6, 2020), plaintiff filed a complaint to allege inadequate medical care after falling from his bunk. He was given the opportunity to file an amended complaint but failed to do so, and the action was dismissed. In *Moore v. St. Louis City Jail Justice Center,* No. 4:21-CV-1280-HEA (E.D. Mo. Oct. 25, 2021), plaintiff complained he was denied medical care, and sought relief from the St. Louis City Justice Center. On January 25, 2022, the Court determined that the complaint failed to state a claim upon which relief may be granted, and dismissed the action.

U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Amended Complaint**

In the caption of the amended complaint, plaintiff clearly identifies the case number for this action. He filed the amended complaint pursuant to 42 U.S.C. § 1983 against "St. Louis City." (ECF No. 6 at 1, 2). He alleges as follows.

Since arriving at the Justice Center in 2019, plaintiff has lived in "poor, inhumane conditions." *Id.* at 4. He writes: "I have been refused medical treatment by medical staff Dr. Mallard refuses to see me Correctional Staff refuses to take inmates to medical I've been filing medical request slips for the past 1 year and 7 months and have not seen the Doctor about none of the medical issues I requested treatment for." *Id.* He claims he is not provided "ad[equate] mental health care the mental health care is poor." *Id.* He states he suffers from "men[]tal stress and medical problems," and the Justice Center is an unsafe environment for people with mental health problems. *Id.* He claims "the mental health staff do not do nothing to help people, the medical health staff, doctor and correctional officers do not give inmates any care." *Id.* Plaintiff also claims he was held in administrative segregation without running water for over nine months, and therefore had to keep his water cup from his meals and have it filled with water. He states he was not given the chance to clean his cell. In setting forth his prayer for relief, plaintiff asks this Court to "order St. Louis City" to pay him damages totaling $40,000. *Id.* at 5.

## Discussion

The City of St. Louis can be held liable for a constitutional violation if the violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. *See Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). However, absent a constitutional violation, there can be no *Monell* liability. *See Monell,* 436 U.S. at 691 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort"); *see also Malone,*

4

847 F.3d at 955 (noting that because the defendant officer did not violate the plaintiff's constitutional rights, there could be no § 1983 or *Monell* liability).

In this case, plaintiff has failed to allege facts that would allow this Court to infer that his constitutional rights were violated. It is apparent that plaintiff seeks monetary relief on the basis that he was denied adequate medical care. However, he does not clearly describe what his medical needs are or were. Even assuming plaintiff has established he had an objectively serious medical need, he alleges nothing permitting the inference that Dr. Mallard or anyone else deliberately disregarded it. Plaintiff describes no particular occasion on which he sought and was denied care by Dr. Mallard or anyone else. In fact, plaintiff alleges no facts at all that would give any idea of what Dr. Mallard or anyone else did that could result in liability. Instead, plaintiff offers statements that are, at best, the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that the Supreme Court has found deficient, and this Court is not required to presume true. *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). *See Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) (complaint fell short of meeting even liberal standard for notice pleading where it was entirely conclusory and gave no idea what acts individual defendants were accused of that could result in liability). There is therefore no basis for this Court to conclude that Dr. Mallard or any other person actually knew of, and yet deliberately disregarded, plaintiff's serious medical need, as necessary to state a claim of constitutional dimension. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014) (noting the standard applicable to a pretrial detainee's inadequate medical care claim).

Plaintiff also claims he was held in administrative segregation for over nine months without running water, and therefore had to save water cups from meals and ask that they be filled with water. Plaintiff alleges no facts permitting the inference that he was placed in administrative segregation for punitive reasons, as might state a legitimate Fourteenth Amendment claim with

respect to such placement. Even if he had, he makes no attempt to identify the official who made the placement decision. Finally, plaintiff does not allege he ever went without water, or suffered any deprivation as a result of the placement or the lack of running water that would permit the inference he was held in unconstitutional conditions of confinement. The Court previously advised plaintiff of the necessity of identifying the proper defendants and alleging facts in support of his claims, and will not now assume facts he has not alleged. *Stone*, 364 F.3d at 914.

Plaintiff also appears to persist in his attempt to bring claims on behalf of others, despite this Court's prior instruction. For example, plaintiff claims that Justice Center officials do not give inmates any care, and corrections officers refuse to take inmates to the medical department. As this Court previously determined, plaintiff lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975). Further, while federal law authorizes plaintiff to plead and conduct his own case personally, 28 U.S.C. § 1654, he is not a licensed attorney and therefore may not represent other individuals in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986).

The Court concludes that plaintiff has failed to demonstrate a violation of his constitutional rights. There can therefore be no *Monell* liability against the defendant City of St. Louis for any policies, customs, or deliberately indifferent failure to train or supervise leading to such a violation. *See Monell,* 436 U.S. at 691 and *Malone,* 847 F.3d at 955. Even if plaintiff had demonstrated a constitutional violation, the amended complaint would not state an actionable *Monell* claim because it contains no facts that would support the proposition that an unconstitutional policy or custom exists, or that there was a deliberately indifferent failure to train or supervise. While plaintiff was not required to specifically plead the existence of an unconstitutional policy or custom, *see Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004), he was required, at a minimum, to allege facts supporting the proposition that an unconstitutional

policy or custom exists. *See Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Because the amended complaint contains no such facts, it would not state an actionable *Monell* claim against the City of St. Louis. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

After carefully reading and liberally construing the amended complaint, the Court concludes it fails to state a claim upon which relief may be granted, and this action is subject to dismissal. This is not a situation in which plaintiff should be allowed to file a second amended complaint, as he did not follow all the Court's instructions and cure the deficiencies in the original complaint when previously given the opportunity to amend. The Court will therefore dismiss this case at this time, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of March, 2022.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE